RICARDO HERNÁNDEZ MORALES, Plaintiff and Appellant, v. GREGORIO RODRÍGUEZ SOTO and NORTHERN ASSURANCE CO. ET AL., Defendants and Appellees; DEMETRIO PILLOT, Plaintiff and Appellant, v. GREGORIO RODRÍGUEZ SOTO and NORTHERN ASSURANCE CO. ET AL., Defendants and Appellees.

Nos. R-66-231, R-66-187. · Decided April 23, 1969.

---

*Antonio Andino Elías* and *A. J. Amadeo Murga* for appellants. *Rafael A. González* for appellees.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Some vehicles having been deposited in an establishment in order to be repaired, it is incumbent upon the owner of the establishment to establish that the damages sustained by the vehicles as a result of a fire which occurred in said place were not due to his fault or negligence and, failing to do so, he is liable for such damages. For that reason the judgment should be reversed in these cases which denied such liability.

In his complaint filed against defendants-appellees, Demetrio Pillot alleged that a vehicle of his, a Cadillac, while in the possession, control and custody of Gregorio Rodríguez Soto, resulted in a total loss as a consequence of a fire which started in a cabinet for bottles owned by the codefendant Pepsi Cola Bottling Company of Puerto Rico (hereinafter designated as Pepsi Cola), a fire which was negligently caused by the codefendants Rodríguez Soto and Pepsi Cola. He alleged a loss of $4,500, and that the defendant companies had issued and had policies in force covering the negligence of the former two defendants. Rodríguez Soto and the Northern Assurance Company answered admitting the alleged possession of the vehicle, the occurrence of the fire at the place and equipment alleged and the allegation as to the insurance policies, except that the Northern Assurance Company was not liable with the other defendants for the damages suffered by plaintiff. They denied Rodríguez Soto's liability and the amount of the damages.

In connection with a similar complaint filed by plaintiff Ricardo Hernández Morales against Rodríguez Soto, in which the damages for the destruction of plaintiff's Impala vehicle were alleged to amount to $1,267, Rodríguez Soto denied the total destruction of the vehicle; that the fire was due to his fault or negligence and the amount of the damages. On the contrary he alleged that it was due to the negligence of Pepsi Cola in whose machine the fire originated. In this case Rodríguez Soto filed a cross-complaint against Pepsi Cola alleging the claim filed against him by Hernández Morales,. and that if he is liable, Pepsi Cola is liable to him because the fire in question originated in its refreshment dispensing machine, which was negligently installed by Pepsi Cola in defendant's shop establishment. Pepsi Cola answered both complaints denying the facts.

In other similar claims the Northern Assurance Company accepted the allegation that the establishment owned by Rodríguez Soto was covered by a public liability policy underwritten by said company.

After hearing the cases together with the other similar ones the trial judge concluded that (1) the parties stipulated that the damages suffered by Pillot amounted to $1,200 and those of Hernández Morales to $800, to which they would be entitled if their claims were granted; (2) a fire occurred in the garage owned by Rodríguez Soto the night of February 17, 1963; (3) ten days before the fire, at the request of Rodríguez Soto, Pepsi Cola placed in said garage a refreshment dispensing machine which could not be put to work because there was no device to connect it to the electric current for which reason a son of Rodríguez Soto stated to the agents of Pepsi Cola that his father would take charge of making the necessary installation; (4) Pepsi Cola does not have any employee or personnel to do such electric installations, its business being the delivery of the machine with full bottles and going to substitute the empty ones for full ones as required

by the client. As to the origin of the fire, the trial court concluded that:

"The most reliable evidence there is in the record does not actually reveal what was the origin of the fire. Certainly, it did not originate in the refreshment machine, since even after the fire the machine was working. The theory of Gregorio Rodríguez Soto, as it appears from the expert testimony furnished by his witness Arcadio Aponte, was to the effect that the fire originated in the installation which supplied electric energy to the refreshment machine. The evidence to this effect constitutes, however, a mere speculation and we do not give credit to the same.

"The court does not give credit, either, to the evidence contributed by Rodríguez Soto to the effect that said installation was verified by employees of the Pepsi Cola Bottling Co.

"Gregorio Rodríguez Soto himself testified that he did not inspect the electric installation even though the refreshment machine was placed, following his own instructions, in premises next to where Rodríguez Soto stored paints, thinner, and other inflammable material which he used in his garage.

"All the plaintiffs failed to establish which was the proximate, efficient cause which caused the damage.

"At the time of the fire neither the refreshment machine nor the installation that carried electric energy to the same were under the control of Pepsi Cola Bottling Co., but rather both were under the control of Gregorio Rodríguez Soto."

It dismissed all the complaints, including the two that gave rise to this petition for review because: "Since plaintiffs have not established any act of guilt or negligence chargeable to the defendants we are constrained to conclude that they did not prove their case." It acquitted Pepsi Cola from liability because it "acted as a good father of a family would have done. There is no indication that the fire would have originated in the refreshment machine." Lastly it determined that "The *res ipsa loquitur* doctrine is not applicable to this case, and neither can Rodríguez Soto be charged with any presumption of guilt."

The trial court based its decision in the case of *P.R. & American Ins. Co.* v. *Durán Manzanal,* 92 P.R.R. 279 (1965),

in which we decided that the depositary of some vehicles in his establishment was not responsible for the loss of the vehicles which were burned while in his possession. The reason for denying liability in this case was that the evidence showed that the fire started in an adjacent property owned by another person and that it spread to that of the depositary, who had taken every reasonable precaution to avoid a fire on his property. So the court was amply justified in concluding that the destruction of the thing deposited was due to a fortuitous event without any fault of the depositary, in agreement with the provisions of §§ 1658, 1136, 1137, and 1058 of the Civil Code (31 L.P.R.A. §§ 4621, 3191, 3192, and 3022). We said in this case that "The principle of irresponsibility of the bailee *when the thing is lost through a fortuitous event, as in the case of a fire which originates in the premises adjacent to those of bailee, is clearly established by the most reliable gloss of civil Law.*" (Italics ours.)

Appellants allege that the trial court erred (1) in not concluding that Rodríguez Soto "did not satisfy the burden of proof that he was diligent in the conservation and protection of the vehicles"; (2) in the weighing of the evidence. We agree with them.

1–2 In the case before us the evidence showed that the fire originated inside the establishment of the depositary Rodríguez Soto, appellee herein. The watchman of the establishment testified that the fire was coming out from the refreshment machine and "was spreading to where there is 'that' of the paints" in the vicinity of the machine and that said material caught fire. It was conflicting as to who installed the refreshment dispensing machine inside his establishment. It arises from the evidence that the fire did not originate in the machine itself for it was tested after the fire had occurred and it was working well. The court gave credit correctly according to our judgment, to the evidence that Pepsi Cola did not put the machine to work the day that it

delivered and located it in a place of the depositary's establishment·because "there was not·a device to connect it to.the electric current" and that a son of the depositary "stated . . . that Rodríguez Soto would take charge of the electrical installation necessary to put the refreshment machine to work." As the depositary himself admitted that the machine worked for· several days before the fire, and that he had requested it because it would represent an income (and presumably it constituted a convenience for his employees) it is reasonable to conclude that the depositary or one of his agents made the electric installation in question. Moreover, the evidence also showed that the aforementioned installation was made close to the room which was used to store inflammable material such as paint and thinner. The expert for the depositary himself testified that the installation. was defective and improper, without the required protection of "A small panel with 110. A panel for distribution . . . a switch of 20 amperes." He testified, furthermore, that the wire used was not sufficient since "as it starts to warm it produces a short circuit . . . . That wire could take several days in order to warm up . . . the cover of the wire right there where it has been nailed facilitates its burning . . . . The tacks that were used are galvanized, that they are not the proper tack, for that, there is another . . . a tack that comes with a special insulator." It can be inferred from the testimony of this witness that not only an electric installation to put the refreshment machine to work was made with inadequate material, but what is worse, with a wire which tended to get hot and in doing so to cause a short circuit with the result that the insulating cover got burned precisely where it was joined to some tacks that were not insulating, all this in the proximity of stored inflammable material.

The foregoing shows that the depositary did not refute the presumption·provided in § 1137 of the Civil. Code, *supra*, that the losses in question occurred as a result of his fault. See, *Rivera* v. *San Juan Racing Assoc., Inc.,* ·90 P.R.R. 405,

411 (1964), footnote 6, and *Cabinero* v. *Cobián Theaters*, 81 P.R.R. 926 (1960). His own evidence tended to establish rather that he or an agent of his made the aforesaid installation negligently and that the fire started near the machine and it extended to the inflammable material stored nearby. It is reasonable to infer that a short circuit in the said installation occurred in the way and manner pointed out by the expert of the depositary appellee and that thus was how the fire originated, so that all the evidence tended to establish that the disaster was due to the fault and negligence of the depositary appellee.

By virtue thereof, the judgment rendered by the trial court should be reversed, and another rendered granting the complaints filed by appellants, ordering appellees to pay to Demetrio Pillot the sum of $1,200 plus $300 as attorney's fees, and to Ricardo Hernández Morales the sum of $800 plus $200 as attorney's fees, plus the costs incurred by both litigators.